# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | |
| | : | **No. 11-74** |
| TYRONE BAZZLE | : | |

## ORDER

**AND NOW**, this **5th** day of **May 2020**, upon consideration of Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Government's response, Bazzle's reply, and for the reasons below, it is **ORDERED** that:

1. The motion (Document No. 79) is **GRANTED**. The Court has considered the factors listed in 18 U.S.C. § 3553(a), to the extent they are applicable, and finds that Tyrone Bazzle has presented "extraordinary and compelling reasons" justifying a reduction of his sentence.[1]

---

[1] Bazzle is set to be released on April 13, 2021, having served the bulk of his 120-month sentence after he pleaded guilty to one count of possession with intent to distribute crack cocaine. On January 2, 2020, Bazzle filed a compassionate release request with the Warden of FMC Devens, Stephen Spaulding. That request was subsequently denied. Bazzle appealed the denial, and his appeal was pending when Bazzle filed this motion.

Bazzle suffers from a number of ailments, including acute renal failure, hypertension, Type I Diabetes, diabetic nephropathy, edema, anemia, and hyperlipidemia. Indeed, he is insulin-dependent and now suffers from diabetes-related end stage renal failure. He received a kidney transplant several years ago, but his body has rejected his transplanted kidney. Bazzle now needs transplants of both his kidney and his pancreas. While he awaits the transplant, he is treated with medication and dialysis. Bazzle also suffers from seizures.

The Government's response to Bazzle's motion does not dispute his poor health. Rather, the Government argues that Bazzle failed to exhaust his administrative remedies because his request to the warden came prior to the COVID pandemic ravishing the country. The Government contends that the exhaustion requirement is jurisdictional and Bazzle is prohibited from seeking relief from this Court until he follows the proper mandatory procedures.

To decide Bazzle's motion, the Court need not address whether the compassionate release statute includes a jurisdictional exhaustion requirement. The Court finds that Bazzle has exhausted his administrative remedies. He recently sought—and was denied—a compassionate release at the administrative level. He seeks relief from the Court for the same reasons that he sought compassionate release from the warden. The current pandemic merely amplifies the risks to Bazzle given the very conditions that he recently raised. The Court will not put form over substance by requiring Bazzle to submit a request that will be virtually identical to the one recently rejected by the warden. He has exhausted his administrative remedies and his unquestioned poor and declining health presents "extraordinary and compelling reasons" to reduce the small amount of time in prison that remains on his sentence.

2. Bazzle's term of imprisonment is hereby reduced to the time he has already served. He shall be released from the custody of the Bureau of Prisons as soon as possible.

3. Upon his release from custody, Mr. Bazzle shall begin serving an eight-year term of supervised release previously imposed by the Court.

4. Immediately upon release, Bazzle shall self-quarantine for a period of fourteen days.

5. Within twenty-four hours of release, Bazzle shall contact the United States Probation Office and shall follow its instructions.

**BY THE COURT:**

**/s/ Berle M. Schiller**
**Berle M. Schiller, J**